Salisbury Township *v.* Vito et ux., Appellants.

Submitted January 18, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Herbert G. Litvin,* for appellants.

*James G. Kellar,* for appellee.

OPINION BY MR. JUSTICE BARBIERI, December 29, 1971:

Appellants, John and Ruth Vito, are defendants in two equity actions[1] brought by the Township of Salisbury, a first class township,[2] in the Court of Common Pleas of Lehigh County. The actions were consolidated for trial and the Chancellor granted the relief requested by the township in both cases. Because we con-

[1] No. 9 April Term, 1968 and No. 22 September Term, 1968.

[2] The township apparently proceeded under the Act of June 24, 1931, P. L. 1206, art. XV, §1502, cl. XXVI, as amended, 53 P.S. §56526, which gives First Class Townships the power "to prohibit and remove any obstruction or nuisance in the streets and highways of the township; . . . or to require the removal of the same by the owner or occupier of such grounds."

clude that the Chancellor's orders were overly broad and in at least one instance beyond his authority, we vacate the orders below.

In 1965 the Vitos purchased a parcel of land fronting Lehigh Avenue in Salisbury Township. Soon after purchase, the Vitos cleared two catch basins on the property of accumulated refuse and garbage and filled in one of them. The other catch basin, which had less than two feet of water in it when the cleanup operation began, has since become a pond with a depth of approximately ten feet. On both wet and dry days the pond overflows its banks and the excess water makes for generally muddy conditions in the summer and icy patches in the winter on Lehigh Avenue. In addition, the southern end of the pond and a fence surrounding the pond encroach some 9.3 feet upon the right of way of Lehigh Avenue. The township complains of these conditions and states that the overflow and encroachment prevent the improvement of Lehigh Avenue in this area.

The major thrust of appellants' argument on appeal is that the township failed to prove that the Vitos' conduct was the legal cause of the pond's overflow.[3] Appellants contend that the installation of a "lateral" under Lehigh Avenue and of a sewer pipe on the Vito property by third parties was accompanied by the deposit of great amounts of fill which prevented the normal drainage of the area. Mrs. Vito testified that there was no overflowing of the pond prior to the deposit of the fill. Although if this Court were trying the matter *de novo* we might reach a different conclusion, we believe there is support in the record, in the form of expert testimony, for the Chancellor's finding

[3] Appellants apparently do not contest that they are responsible for constructing and maintaining the fence or that the pond encroaches upon the Lehigh Avenue right-of-way.

that the installation of the "lateral" and the sewer pipe did not contribute *significantly* to the overflow.[4]

In addition, there is sufficient evidence in the record to show that the Vitos' own actions made for a large increase in the amount of water in the pond. They installed a pipe on their property to channel into the pond water from a stream flowing inside or very close to their eastern property line. Prior to the installation of the pipe most of the stream's water was caused to flow under Lehigh Avenue by means of a conduit known as a dole. After the installation of this pipe, much of the stream's water ran into the pond rather than through the dole. The Vitos also increased the capacity of the pond by clearing the catch basin and by depositing fill on top of which a driveway was constructed around its perimeter. Thus, it is clear that the Vitos were, at least, responsible for an increased capacity of the pond and an increased flow of water into the pond, and the Chancellor was justified in finding that although there may be other factors contributing to the overflowing, the appellants' actions were a significant cause of the overflowing onto Lehigh Avenue. We know of no principle of law which would require the appellants to be the single cause of a prohibited result before they could be held for their contribution to that result.

The Chancellor, having reached the conclusion that appellants were responsible for the conditions complained of, granted the township equitable relief. At No. 9, the appellants were enjoined perpetually from discharging water from their land onto a public road, from diverting water into the pond located on their property and from interfering with the flow of a stream

---

[4] There is also conflicting testimony in the record relating to the question of how much of the complained of condition on Lehigh Avenue is brought about by natural conditions.

located on or near their property. At No. 22, the Chancellor ordered the Vitos to remove the fence and pond obstructing the Lehigh Avenue right-of-way and further to fill in the pond and grade it even with the surrounding land.

Our review of the record convinces us that the Chancellor properly afforded the Township relief to which it was entitled under the allegations in its complaint and specific prayer for relief, *see Luther v. Luther,* 216 Pa. 1, 9, 64 A. 868, 870 (1906), except as to that part of the decree at No. 22 which ordered the appellants to fill in the pond and grade it even with the surrounding land. Although this part of the decree was not specifically requested by the Township, we have long recognized the power of a Chancellor to shape and render a decree which accords with the equities in the case when, as here, the complainant includes a prayer for general relief. *See Christian v. Johnstown Police Pension Fund Ass'n.,* 421 Pa. 240, 246, 218 A. 2d 746 (1966). Such additional relief, however, must have competent support in the record. We find no basis in the record for imposing these additional burdens on the defendants, and hold that the Chancellor abused his discretion to the extent indicated. Accordingly, his decree will be modified. *See Dombrowski v. Philadelphia,* 431 Pa. 199, 245 A. 2d 238 (1968).

The record supplies no reason for denying to the Vitos the right to maintain a proper pond on their premises. Perhaps, the Vitos will now have to submit plans to the Township Commissioners for the use of water to fill the pond under the provisions of The First Class Township Law.[5] The obvious purpose of this

[5] "No person shall stop, fill up, confine, pave or otherwise interfere with any drain ditch, watercourse, or drainage facilities in a township without first submitting suitable plans thereof to the township commissioners for their approval." Act of June 24, 1931, P' L. 1206, art. XX, §2067, as amended, 53 P.S. §57067.

statute is to protect the interests of the Township and its citizens in maintaining and keeping under control existing waterflow and drainage while allowing private landowners the right to normal use of their property.

Accordingly, the portion of the Chancellor's decree at No. 22 which requires the defendants to fill in the pond and grade the area even with the surrounding land is vacated. The decrees, as so modified, are affirmed. Each party to pay own costs.