432 A.2d 971

**Davida SACK, Appellant,**

**v.**

**Isabel FEINMAN, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 12, 1979.

Decided July 14, 1981.

Fred Lowenschuss, Philadelphia, for appellant.

Harry R. Kozart, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

NIX, Justice.

The sole issue in this appeal is whether the Chancellor abused his discretion in denying pre-verdict interest to appellant after imposing a constructive trust on funds to which appellant was entitled and which had been at all times invested by appellee.

In a prior opinion,[1] this Court, after concluding that pre-verdict interest may be awarded in order to prevent unjust enrichment or to avoid injustice,[2] remanded the case

1. *Sack v. Feinman*, 489 Pa. 152, 413 A.2d 1059 (1980).

2. This weight of authority compels the conclusion that the Act of April 6, 1859 does not bar an award of pre-verdict interest in order to prevent unjust enrichment or where the payment of interest is required to avoid injustice. These authorities are also in agreement that the decision whether to award interest and the amount of such interest, is vested in the discretion of the chancellor. This is especially true in cases, like the present one, in which the plaintiff's claim for interest is contained in her prayer for general relief and is therefore dependent upon the 'long recognized power of a Chancellor to shape and render a decree which accords with the equities in the case.' *Salisbury Township v. Vito*, 446 Pa. at 204, 285 A.2d 531. (Footnote omitted).

*Sack v. Feinman, supra*, 489 Pa. at 165, 413 A.2d at 1065–66.

to the Court of Common Pleas of Philadelphia County with instructions to the Chancellor to set forth his reasons for denying pre-trial interest in this case. The Court retained jurisdiction to review the Chancellor's decision after the basis for that judgment had been set forth. On October 10, 1980 the Chancellor rendered a supplemental adjudication setting forth detailed reasons for denying pre-verdict interest to appellant.[3]

Although the Chancellor again affirmed that appellee, acting under a power of attorney, abused her confidential relationship with the parties' mother by redeeming savings bonds belonging to the mother and placed in trust for appellant and depositing the proceeds of said bonds to her own account, he nevertheless concluded no injustice or unfair enrichment would result from a denial of pre-verdict interest. The reasons given by the Chancellor were that appellee "did not intend to harm or spite appellant," but that it was appellee's "sincere and honest conviction" that the bonds were a gift from her mother; that denial of pre-verdict interest to appellant would not result in an unjust enrichment to appellee, as she had given constant care to her mother during the mother's final illness; that the denial of pre-verdict interest would restore family harmony; and that it was unclear whether the mother intended appellant receive the interest on the bonds after the mother's death.

Because we find the Chancellor's reasons for the exercise of his discretion unpersuasive, we set aside the lower court's decree.

■ The Chancellor's finding of lack of malevolence on appellee's part does not alter the fact that appellee knowingly destroyed the trust arrangement created by the mother.

3. The record was returned to this Court from the Court of Common Pleas with the opinion of the court below on October 24, 1980. Appellant filed a supplemental brief on January 13, 1981 and a supplemental brief for appellee was filed February 27, 1981.

The Chancellor found the redemption of the bonds was not at the request or instruction of the mother and rejected the contention that the funds were intended by the mother as a gift to appellee. The subjective state of mind of appellee should not be used to reward appellee at the expense of her sister who herself was totally innocent.

Nor can the denial of pre-verdict interest which rightfully belongs to appellant be justified by a desire to compensate appellee for the care she gave her mother. As noted in our prior opinion, the mother had made special provisions for appellee's financial security. There is no justification for bestowing additional benefits not intended by the deceased parent upon appellee at the expense of her sister, particularly where the misguided generosity disturbs the scheme of distribution intended by the mother.

The concern for family harmony also fails to justify the decision of the Chancellor. It was appellee's wrongful action which led to the "deteriorating sisterly relationship." Denial of pre-verdict interest is unlikely to promote family harmony in the present case. Rather, the more equitable approach was to follow the mother's plan of distribution which intended for appellant to receive the principal held in trust at the mother's death.

We find unconvincing the Chancellor's speculation that the mother may have intended appellant to receive only the principal, and no interest, after the mother's death. The savings bonds in question were held in the name of the mother, in trust for appellant. The legal effect of such a trust arrangement is that at the trustee's death, title to the corpus automatically passes to the beneficiary, and the beneficiary is entitled to both the corpus and any interest accruing thereon after the trustee's death. There is no evidence that the mother wished a different arrangement.

We have long recognized that the Chancellor has authority to frame any proper relief according to the equities of the

case, *Sigal v. Manufacturers Light & Heat Co.*, 450 Pa. 228, 231, 299 A.2d 646, 647 (1973); *Salisbury Township v. Vito*, 446 Pa. 200, 204, 285 A.2d 529, 531 (1971); *Christian v. Johnstown Police Pension Fund Ass'n*, 421 Pa. 240, 246, 218 A.2d 746, 749–50 (1966), and that his final determination will not be disturbed on appeal unless there has been an abuse of discretion. *Commonwealth Dept. of Environmental Resources v. Pa. Power Co.*, 461 Pa. 675, 337 A.2d 823 (1975). A review of the record in this case convinces us that such an abuse of discretion has occurred.

■ As we stated in our prior opinion, equitable principles of fairness and justice should be taken into account in determining whether pre-verdict interest is to be allowed in the present case. *Sack v. Feinman, supra,* 489 Pa. at 163, 413 A.2d at 1065; *see also Gervis v. Kay,* 294 Pa. 518, 526, 144 A. 529, 531 (1928); D. Dobbs, Remedies, 169–170 (1973); Restatement of Restitution, § 1, Comment a (1937). Appellee has not shown, nor has the Chancellor found, that some overriding inequity would result from an award of such interest. The arguments appellee proposes are that she sincerely believed the funds she misappropriated were a gift to her and that she be permitted to retain the earned interest as compensation for the care she provided her mother. It is clear from the record, however, that the mother's plan of distribution generously favored appellee so that denying appellee the pre-verdict interest would not be inequitable. Moreover, her belief, however sincere, that "she was acting in accordance with the spirit of her [m]other's thinking"[4] should not be used to take from appellant funds to which appellant was entitled in accordance with her mother's actual intention.

■ It is well established that a person who has been unjustly enriched at the expense of another must make restitution to the other. *Binns v. First Nat'l Bank*, 367 Pa.

4. Supplemental Brief for Appellee, p. 8.

359, 372, 80 A.2d 768, 776 (1951); Restatement of Restitution § 1 (1937). The recipient of a benefit is required to make restitution if the circumstances of its receipt and retention are such that, as between the two persons, it would be unjust for the recipient to retain the benefit. *Id.*, Comment c. In enforcing restitution the purpose is to require the wrongdoer to restore what he or she has received and thus put the injured party in as good a position as that which would have been enjoyed but for wrongful act. Appellee has already been ordered by the Court to return the principal she wrongfully appropriated. Yet appellant has suffered a loss which cannot be regarded as fully compensated if she is confined to that amount. The principle of full compensation requires that appellant receive pre-verdict interest.

Accordingly, the case is remanded for the Chancellor to determine the amount of interest due appellant from November 10, 1970, the date of the mother's death, to the date of judgment.

ROBERTS, J., concurs in the result, believing that the issue of the propriety of awarding interest on the judgment need not be decided, as the judgment reflects an award of principal and the judgment-winner is clearly entitled to income from the principal.