Linda S. KAISER, William S. Taylor, The Insurance Department of The Commonwealth of Pennsylvania and The Catastrophic Loss Benefits Continuation Fund, Appellees,

v.

OLD REPUBLIC INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 1, 1999.

Filed Nov. 12, 1999.

Mark W. Voigt, Huntingdon Valley, for appellant.

Martin E. Goldhaber, Pittsburgh, for appellees.

Before CAVANAUGH, DEL SOLE and MONTEMURO*, JJ.

*. Retired Justice assigned to the Superior Court.

CAVANAUGH, J.:

¶1 Appellant, Old Republic Insurance Company, appeals from the order which denied its post-trial motion to set aside the court's non-jury verdict in favor of plaintiffs/appellees.[1] We affirm.

¶2 The underlying facts in this matter are not in dispute and were ably set forth by the trial court as follows:

The Plaintiffs [appellees] are the administrators of the Catastrophic Loss Benefits Continuation Fund, which is the successor to the Catastrophic Loss Trust Fund (hereinafter "the CAT Fund")[2]. The Defendant [appellant], Old Republic Insurance Company ("Old Republic") is an insurance carrier for the workers' compensation obligations of the City of Monessen School District. Vera Hays was employed as an assistant band director by the school district, and sustained injuries on January 18, 1986, in an automobile accident while returning home from a school band function.

Vera Hays initially made a claim for payment of her medical bills under the $100,000 limit of the first party benefit coverage provided by her State Farm Insurance automobile policy. Upon exceeding the limit, Ms. Hays made a claim for payment of the excess medical bills from the CAT Fund on May 25, 1988. Question 13 of the Application for CAT benefits asked whether she had received or was qualified to make a claim under workers' compensation, to which she responded in the negative. The total medical expenses paid by the CAT Fund on behalf of Ms. Hays through April 1, 1993[,] was $25,269.70.

On January 12, 1989, Ms. Hays filed a Workers' Compensation claim petition in connection with the accident. A workers' compensation referee decision dated October 15, 1990[,] found the injuries to be work related, and ordered Old Republic to pay Vera Hays the $100,000 of medical expenses she had incurred. The referee's determination was ultimately upheld by the Commonwealth Court. [*City of Monessen School District v. W.C.A.B. (Hays)*, 155 Pa. Cmwlth. 56, 624 A.2d 734 (1993)]. On or about June 17, 1993, the CAT Fund became aware that Ms. Hays had filed a Workers' Compensation claim, and subsequently filed the instant action for recovery of the benefits [the CAT Fund] had paid.

¶3 Old Republic filed preliminary objections to the CAT Fund's complaint. The CAT Fund was given leave to amend and filed an amended complaint alleging that it had paid Vera Hays' medical providers, not Vera Hays herself, and that the cause of action was for reimbursement of those payments, not for subrogation. Old Republic filed preliminary objections to the amended complaint alleging that the CAT Fund's claims were barred, as a matter of law, by the exclusivity provisions

---

1. Former plaintiff, Linda S. Kaiser, was the Insurance Commissioner for Pennsylvania when the underlying lawsuit in this matter was filed. During the pendency of the suit, Ms. Kaiser left the office of Insurance Commissioner and was succeeded in that official capacity by Diane Koken. Accordingly, in the present appeal, Ms. Koken has been "automatically substituted as a party." *See* Pa. R.A.P. 502(c). Such substitution is merely technical in nature and does not affect the substantial rights of the parties. This court's docket and caption do not reflect the change in the names of the parties arising out of the substitution and appellee's petition "Requesting an Order Substituting Parties" is denied. Any record change in the caption is more properly reserved for the prothonotary of the lower court.

2. Subchapter F of the Motor Vehicle Financial Responsibility Law (MVFRL) established a system under which Pennsylvania residents who sustained injuries arising out of the use of a motor vehicle would receive benefits for payment of medical expenses in excess of $100,00 and up to $1,000,000. These benefits were payable from the Catastrophic Loss Trust Fund, which was funded by an assessment paid annually in conjunction with the registration of each vehicle. *Bumberger v. Commonwealth*, 536 Pa. 169, 172, 638 A.2d 948, 949 (1994).

contained within section 303(b) of the Pennsylvania Workers' Compensation Act (the Act), 77 P.S. § 1, *et seq.*[3] Old Republic's preliminary objections also alleged that the CAT Fund was barred from raising a subrogation claim because it failed to properly preserve such claim by contract with Old Republic or to raise it before the workers' compensation judge or appeals board. The preliminary objections were denied and the case went to compulsory arbitration where an award was entered in favor of the CAT Fund in the amount of $33,100.19. Old Republic appealed therefrom and a non-jury trial *de novo* was conducted on December 17, 1997, in the Court of Common Pleas of Allegheny County. The court found in favor of the CAT Fund, awarding it the amount of $25,269.70 plus interest and costs. Both parties filed post-trial motions. The CAT Fund requested the court modify its verdict to specifically reflect that interest on the verdict amount be computed at the rate of 6% from October 15, 1990, the date the workers' compensation judge initially held that Old Republic was obligated to pay Ms. Hays' medical bills. The court granted the CAT Fund's motion. By order dated April 30, 1998, Old Republic's post-trial motions were denied and judgment was entered on the verdict.

¶ 4 Old Republic now appeals therefrom and raises the following issues for our review:

I. WHETHER THE TRIAL COURT ERRED IN FINDING FOR THE CAT FUND SINCE THE PENNSYLVANIA WORKERS COMPENSATION ACT PROVIDES THAT THE EXCLUSIVE REMEDY IN WORKERS COMPENSATION MATTERS IS BEFORE THE BUREAU OF WORKERS COMPENSATION?

II. WHETHER THE TRIAL COURT ERRED IN FINDING FOR THE CAT FUND SINCE THE CAT FUND FAILED TO PROPERLY ASSERT ITS SUBROGATION LIEN BEFORE THE WORKERS COMPENSATION JUDGE OR THE APPEAL BOARD AS REQUIRED BY THE ACT?

III. WHETHER THE TRIAL COURT ERRED IN AWARDING PREJUDGMENT INTEREST SINCE ONLY DELAY DAMAGES ARE AWARDABLE IN A NON-CONTRACT ACTION SUCH AS THIS?

¶ 5 Our scope of review in a non-jury trial is limited to whether the findings of fact are supported by competent evidence and whether the trial court committed an error of law. *Roman Mosaic and Tile Co. v. Carney, Inc.*, 729 A.2d 73, 76 (Pa.Super.1999). In the case before us, the facts are not in dispute.[4] After

3. Section 303(b) of the Pennsylvania Workers' Compensation Act provides as follows:

> In the event injury or death to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependants, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party

alleged to be liable prior to the date of the occurrence which gave rise to the action. § 303(b), Pennsylvania Workers' Compensation Act, 77 P.S. § 481(b).

Thus, Old Republic posited, on preliminary objections, that the CAT Fund, as a third party under the Workers' Compensation Act, could not hold Old Republic liable, nor seek any contribution from Old Republic, for any damages the CAT Fund incurred as a result of Ms. Hays' injury.

4. The parties agree the facts are undisputed. Moreover, the trial court made no specific findings of fact. Pa.R.C.P. 1038(b) provides:

> **Rule 1038. TRIAL WITHOUT JURY**
> (b) The decision of the trial judge may consist only of general findings as to all parties

careful review, we are persuaded the court did not commit an error of law in its application of the relevant law to those facts. Specifically, we cannot find error in the court's conclusion that Old Republic, the Monessen School District's workers' compensation carrier, was required to reimburse the CAT Fund for medical bills the Fund paid on behalf of the injured school district worker, Vera Hays.

¶ 6 Old Republic first claims that the exclusivity provisions within section 303(b) of the Pennsylvania Workers' Compensation Act operate to bar recovery by the CAT Fund. Specifically, Old Republic raises anew the argument which was properly rejected on preliminary objections, i.e., that the CAT Fund, as an alleged third party under the Workers' Compensation Act, may not hold Old Republic liable, nor seek any contribution from Old Republic, for damages the CAT Fund incurred as a result of the injury. We disagree.

¶ 7 Former section 1766(c), contained within Subchapter F of the Motor Vehicle Financial Responsibility Law (MVFRL) in effect when the motor vehicle accident in this case occurred, provided as follows:

> [E]xcept for workers' compensation, catastrophic loss benefits paid or payable by the fund shall be primary to any other available source of accident or health benefits including any program, group contract or other private or public source of benefits unless the law authorizing those benefits makes the benefits primary to the benefits provided under this subchapter.

75 Pa.C.S.A. § 1766(c) (emphasis added). Thus, the legislature decreed the CAT Fund to be the primary payor for catastrophic injuries except where such inju-

ries were compensable under workers' compensation.

¶ 8 Old Republic's argument, which relies on section 303(b) of the Workers' Compensation Act as a rationale for refusing payment, is strained at best. A plain reading of section 303(b) simply reveals its inapplicability to the present facts. Section 303(b) provides that where "injury or death to an employee is caused by a third party," the injured party may sue the third party, but the third party may not sue the injured party's employer or the employer's workers' compensation carrier for damages or contribution absent a contract specifically authorizing the same. Here, despite Old Republic's contention to the contrary, it is clear that the CAT Fund is not a third party under section 303(b). We conclude that section 303(b) is only applicable in situations where a third party, unrelated to the employer, has been wholly or partially responsible for causing the work related injury. In the case *sub judice*, it is undisputed that the CAT Fund in no way caused Ms. Hays' injuries. Thus, the statutory provision prohibiting a tortfeasor from seeking contribution from the employer's workers' compensation carrier does not apply to bar the CAT Fund's action for reimbursement/subrogation. We conclude the CAT Fund was not a third party under the description set forth in section 303(b).

¶ 9 Rather, we find the CAT Fund, as a secondary payor source which was unaware that a valid, primary payor existed, mistakenly provided coverage which Old Republic was, in fact, statutorily obligated to provide. The CAT Fund, at the time it began payment of Vera Hays' medical bills in excess of her primary auto-

---

but shall dispose of all claims for relief. The trial judge may, if he wishes, include as part of the decision specific findings of fact and conclusions of law with appropriate discussion.

On appeal, Old Republic correctly states that where the decision in a non-jury trial is in the form of a naked verdict without findings of

fact, this court must make an independent review of the record. *Slaseman v. Myers*, 309 Pa.Super. 537, 455 A.2d 1213, 1215 (1983). We have carefully reviewed the record and conclude that the court's findings were based on the proper quantum of competent evidence.

mobile policy limits, was unaware that Ms. Hays' injury was work related. Because her injuries were work related, under § 1766(c) of the MVFRL, Ms. Hays' medical bills were primarily compensable through workers' compensation benefits provided by the School District and its workers' compensation insurance carrier, Old Republic. Unaware that a nascent workers' compensation claim existed, the CAT Fund, as primary payor for catastrophic injuries except those covered by workers' compensation, paid the bills. When the CAT Fund, seemingly by chance, subsequently learned of Ms. Hays' valid workers' compensation eligibility, it requested reimbursement of the funds it had expended. Old Republic refused to tender same, resulting in the underlying suit, which we conclude was not barred by section 303(b) and was, in fact, meritorious under, *inter alia,* the provisions of the MVFRL.[5] In sum, we decide that the CAT Fund's obligations to Ms. Hays were subsidiary to Old Republic's, and that they are thus entitled to indemnification.

¶ 10 Old Republic additionally alleges that, due to the exclusivity provisions of section 303(b), the trial court lacked jurisdiction to dispose of the CAT Fund's complaint and that the CAT Fund's request for subrogation should have been heard only by a workers' compensation tribunal. We reject this contention and agree with the trial court that such a claim falls under the jurisdiction of the courts of common pleas. *See generally Myers v. Commercial Union Assurance Co.,* 506 Pa. 492, 485 A.2d 1113 (1984) (trial court proper venue for seeking reimbursement by no-fault insurer against workers' compensation carrier); *and see generally Hall v. Midland Ins. Co.,* 320 Pa.Super. 281, 467 A.2d 324 (1983) (where employee was injured while driving employer's vehicle, this court affirmed the trial court's determina-

tion that although employee was not injured during the course of employment, employer's no-fault insurance carrier was nonetheless liable to the injured plaintiff's personal no-fault carrier for reimbursement of funds it had mistakenly paid out).

¶ 11 We similarly dismiss Old Republic's contention that the CAT Fund is barred from seeking subrogation because it did not properly preserve its right by agreement or by timely asserting a subrogation lien against Old Republic before a workers' compensation tribunal. Old Republic relies on section 319 of the Workers' Compensation Act, 77 P.S. § 671, which provides:

> Where an employe[e] has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of the hearing before the referee or board.

¶ 12 In support of its contention, Old Republic cites the Commonwealth Court's decision interpreting section 319 in *Baierl Chevrolet v. W.C.A.B.,* 149 Pa.Cmwlth. 367, 613 A.2d 132 (1992). In *Baierl,* the Commonwealth Court reversed an order of the Workmen's Compensation Appeal Board which affirmed the referee's determination that Blue Cross/Blue Shield was entitled to subrogation from the employer's workers' compensation carrier for payment of medical expenses incurred as the result of a work related injury sustained by an employee of Baierl Chevrolet. The court applied section 319 and concluded subroga-

---

**5.** We need not discuss Old Republic's claim that the provisions of the MVFRL do not take priority over the provisions of the Workers Compensation Act as we conclude that the

Act's provisions upon which Old Republic relies are inapplicable under the facts of the present case.

tion was improper because Blue Cross/Blue Shield's right to subrogation was not by contract agreement and was not raised or established at the time of the initial hearing on the worker's claim for workers' compensation benefits. However, one salient fact distinguishes *Baierl* from the instant matter and renders its holding inapposite to the present case. In *Baierl*, Blue Cross/Blue Shield was aware of the filing of the workers' compensation claim by the injured worker before the time of the workers' compensation hearing. *Baierl* at 135. Thus, Blue Cross/Blue Shield had the opportunity to comply with the provisions of section 319 by either procuring a subrogation agreement or by asserting its claim for subrogation at the hearing, but did not do so. It merely sent a letter to the injured worker's attorney listing the payments it had made on the worker's behalf and stating "[y]ou may consider this letter as your authorization to protect our interests." *Id.*

¶ 13 Here, however, the CAT Fund was unaware that the injury sustained by Ms. Hays was work related and did not know that she had later filed an application for workers' compensation benefits. Under such circumstances, we conclude that section 319 cannot bar a subsequent claim for subrogation. We would also note that section 319 applies, by its plain language, to situations where "an employer or an insurance company" pays an injured worker's medical expenses and then seeks subrogation. Here, it is clear the CAT Fund is neither an employer of Ms. Hays nor an insurance company and we conclude section 319 is inapplicable to the present matter.

¶ 14 Moreover, subrogation is the proper remedy under the circumstances of this case.[6] This court has previously held:

6. The CAT Fund claims its action was for reimbursement and not subrogation. The term "subrogation," included in its original complaint, was deleted and replaced with "reimbursement" in its amended complaint. The trial court held that sections 303(b) and 319 were not applicable to this case because,

Subrogation is an equitable doctrine involving the right of legal substitution and may take place with or without contractual agreement between the parties. *First National Bank of Ashley v. Reily,* 165 Pa.Super. 168, 67 A.2d 679 (1949). It is granted as a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it, *Topelski v. Universal South Side Autos, Inc.,* 407 Pa. 339, 180 A.2d 414 (1962), and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another. *Anderson v. Greenville Borough,* 442 Pa. 11, 273 A.2d 512 (1971). The doctrine, however, will not be invoked to protect mere volunteers. *Beck v. Beiter,* 146 Pa.Super. 114, 22 A.2d 90 (1941).

> " 'A mere volunteer or intermeddler who, having no interest to protect, without any legal or moral obligation to pay ... pays the debt of another is not entitled to subrogation, the payment in his case absolutely extinguishing the debt. The payor must have acted on compulsion, and it is only in cases where the person paying the debt of another will be liable in the event of default or is compelled to pay in order to protect his own interests, or by virtue of legal process, that equity substitutes him in the place of the creditor without any agreement to that effect; in other cases the debt is absolutely extinguished.' " *Home Owners' Loan Corp. v. Crouse,* 151 Pa.Super. 259, 262, 30 A.2d 330, 331 (1943), *quoting,* 60 C.J § 27 at 716.

*Dominski v. Garrett,* 276 Pa.Super. 18, 419 A.2d 73, 76–77 (1980).

*inter alia,* the cause of action set forth by the CAT Fund was for reimbursement and not subrogation. We, however, conclude that any variance between the two terms is purely semantic and that the terms present a distinction without a difference.

¶ 15 Here, the CAT Fund was clearly not a volunteer but a primary payor of benefits where benefits were not primarily payable under workers' compensation. The CAT Fund discharged its duty and tendered payment, unaware of Ms. Hays' eligibility for workers' compensation which, we conclude, negated the CAT Fund's obligation. Thus, the CAT Fund made payment of an obligation primarily payable by Old Republic. In light of the inapplicability, as heretofore explained, of sections 303(b) and 319 of the Act, we find the CAT Fund is properly entitled to equitable subrogation in this matter, as this case involves only the subsidiarity of statutorily imposed obligations.

¶ 16 Old Republic's final contention is that the court erred in awarding pre-judgment interest. Our review of an award of pre-judgment interest is for abuse of discretion. *Sack v. Feinman*, 495 Pa. 100, 105, 432 A.2d 971, 973 (1981). It is well settled that in contract cases, pre-judgment interest is awardable as of right. *Fina v. Fina*, 737 A.2d 760, 770 *Musko v. Musko*, 714 A.2d 1076, 1077 (Pa.Super.1998). Because the instant matter is not in the nature of contract, Old Republic contends that pre-judgment interest is an unavailable remedy. We cannot agree. "Our courts have generally regarded the award of prejudgment interest as not only a legal right, but also as an equitable remedy awarded to an injured party at the discretion of the trial court." *Somerset Community Hospital v. Allan B. Mitchell & Associates*, 454 Pa.Super. 188, 685 A.2d 141, 148 (1996). Here, the court awarded pre-judgment interest from October 15, 1990, the date when a workers' compensation judge first concluded that Vera Hays' injuries were compensable under the Workers' Compensation Act. Thus, pre-judgment interest was awarded as of the date Old Republic knew or should have known that it was the primary payor source for Ms. Hays' medical bills.[7]

¶ 17 While the general rule is that a successful litigant is entitled to interest beginning only on the date of the verdict, it is nonetheless clear that pre-judgment interest may be awarded "when a defendant holds money or property which belongs in good conscience to the plaintiff, and the objective of the court is to force disgorgement of his unjust enrichment." *Dasher v. Dasher*, 374 Pa.Super. 96, 542 A.2d 164, 164–65 (1988) (quoting *Sack v. Feinman*, 489 Pa. 152, 164, 413 A.2d 1059, 1065 (1980)). Pre-judgment interest in such cases is a part of the restitution necessary to avoid injustice. *Dasher*, at 165. Here, while the trial court did not specify its reasons for the award of pre-judgment interest, the evidence of record is clear that October 15, 1990, represented the date on which Old Republic was first adjudicated the primary payor for Ms. Hays' injuries. Indeed, the CAT Fund's amended complaint specifically requested "that a judgment be entered on their claim for reimbursement against Defendants in the sum of $25,269.70 plus interest from October 15, 1990." Thus, it reasonably appears the trial court awarded pre-judgment interest on the basis of proper equitable considerations, given Old Republic's knowledge, the CAT Fund's lack thereof and the financial detriment the CAT Fund incurred through payout of its funds. The court was certainly empowered to award pre-judgment interest under the circumstances of this case and we cannot find that its award represented an abuse of discretion.

¶ 18 The order which denied Old Republic's post-trial motion and entered

7. The record also reveals that at the time of the 1990 workers' compensation hearing, of which the CAT Fund had no notice, Old Republic knew that the CAT Fund was paying Ms. Hays' medical bills in excess of $100,000. After it was determined that Old Republic was responsible for payment of Ms. Hays' medical bills, Old Republic never contacted the CAT Fund. The CAT Fund was unaware that Ms. Hays' injuries were compensable under workers' compensation until sometime in 1993.

judgment on the court's non-jury verdict in favor of the CAT Fund is affirmed.