J-A28014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHARED COMMUNICATIONS SERVICES OF ESR, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WHTR REAL ESTATE LIMITED PARTNERSHIP, SPRINT COMMUNICATIONS COMPANY LP | |
| | No. 92 EDA 2016 |

Appeal from the Order Entered December 2, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): Nos. 90-04830 and 00-05539

| | |
|---|---|
| SHARED COMMUNICATIONS SERVICES OF ESR, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEMS | |
| | No. 92 EDA 2016 |

Appeal from the Order Entered December 2, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): Nos. 90-04830 and 00-05539

BEFORE:  PANELLA, J., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 13, 2017**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, Shared Communications Services of ESR, Inc., ("SCS") appeals from the order entered in the Chester County Court of Common Pleas on December 2, 2015. On remand from this Court's memorandum of December 13, 2012, the trial court awarded SCS attorneys' fees, costs, and post-judgment interest as the prevailing party in a lawsuit against Appellee, California State Teachers' Retirement System ("CalSTRS"), and Defendant WHTR Real Estate Limited Partnership ("WHTR"). SCS contends that the trial court erred by failing to award the full amount of attorneys' fees as requested in SCS's petition, failing to make a joint and several award of attorneys' fees and costs, and by denying its request for pre-judgment interest. After careful review, we affirm in part, vacate in part, and remand for modification of the judgment consistent with this memorandum.

A prior panel of this Court detailed the lengthy factual and procedural history of this matter. Therefore, we need not repeat them in detail here and instead direct the reader to that earlier memorandum decision. **See Shared Communications Services of ESR, Inc. v. Travelers Ins. Co.**, 2319 EDA 2011, at 4-10 (Pa. Super., filed December 13, 2012) (unpublished memorandum). For the purposes of this appeal, we will briefly detail the relevant factual and procedural history as follows. On June 8, 1990, SCS initiated this action by writ of summons against Swedesford Road Joint Venture I ("Swedesford"), Eastern Telelogic Corporation, a/k/a Teleport Communications Group ("ETC"), and Sprint Communications Company, L.P. ("Sprint"). Through its subsequently filed complaint, SCS alleged that in

September 1986, it entered into an agreement with Swedesford ("STS Agreement") to exclusively provide shared tenant services to tenants in a group of office buildings (collectively, the "Bay Colony"). SCS alleged that Swedesford breached this STS Agreement by failing to advise the Bay Colony tenants of SCS's services.

Due to a bankruptcy filing by Swedesford, SCS's complaint was not filed until September 10, 1998. Between 1990 and 1998, Swedesford's interest in the Bay Colony and, as a result, the STS Agreement was assigned first to the Travelers Insurance Company, MetLife Insurance Company, as successor in interest ("Travelers"), and then, in 1994, to WHTR. Thus, when SCS filed its complaint sounding in breach of contract, tortious interference with prospective contractual and business relationships, tortious interference with existing business relationships, and civil conspiracy, Travelers, ETC, WHTR, and Sprint were all named as defendants. The trial court subsequently entered a default judgment against Sprint and dismissed the charges against Travelers and ETC, leaving WHTR as the sole defendant in the matter.

Following a considerable motions practice and the dismissal of SCS's tort claims against WHTR as improper pursuant to the "gist of the action" doctrine, SCS's remaining breach of contract claim against WHTR proceeded to a jury trial on March 1-6 of 2000. Prior to the jury returning with its verdict, SCS and WHTR appeared to have reached a settlement agreement and the jury was discharged. However, the settlement agreement ultimately

failed, and despite SCS's petition to enforce the agreement, the matter was re-listed for trial. Subsequently, WHTR transferred the Bay Colony and the STS Agreement to CalSTRS, which prompted SCS to file a separate complaint alleging breach of contract, tortious interference with contractual relationships, and tortious relationships with prospective contractual and business relationships against CalSTRS.

Meanwhile, on December 20, 2001, the trial court granted a petition filed by Sprint to open the default judgment previously entered in the matter. The trial court severed the case against Sprint from the case against WHTR and CalSTRS, and the parties, once again, engaged in a zealous motions practice. In November 2003, the trial court entered an order precluding SCS from offering, at the Sprint, WHTR and CalSTRS trials, "any evidence of lost profits." The trial court certified this ruling for interlocutory appeal, and, based upon their interpretation of the STS Agreement, a prior panel of this Court affirmed. Following a jury trial, a verdict was entered against Sprint in the amount of $76,330.00.

Prior to the trial against WHTR and CalSTRS in 2009, each party filed a motion for summary judgment. While the trial court denied the motions in large part, it granted CalSTRS's request to dismiss all tort claims against it. Ultimately, following the jury trial in March 2009, a verdict was entered against WHTR in the amount of $107,300.00 and against CalSTRS in the amount of $40,000.00. Both parties filed post-trial motions and petitions for attorneys' fees and costs pursuant to a "prevailing party" clause in the STS

Agreement. The trial court denied both the post-trial motions and the fee petitions. All parties appealed from the judgment, and SCS appealed from the trial court's order denying its requested attorneys' fees. This Court affirmed the judgment, but vacated the order denying SCS's petition for attorneys' fees and remanded the matter for the trial court to determine and award attorneys' fees to SCS as the prevailing party.

Following remand, the parties proceeded with a hearing on May 29 and August 5, 2014, to determine the amount of attorneys' fees and costs owed to Appellant. At the hearing, Appellant presented evidence that its attorneys' fees and costs, excluding claimed interest, totaled $2,225,617.66. On December 2, 2015, the trial court ordered Appellee WHTR to pay SCS $321,900.00 in attorneys' fees and $196,971.28 in costs. It further ordered CalSTRS to pay SCS $120,000.00 in attorneys' fees and $73,593.66 in costs. Through this order, the trial court also denied SCS's request for prejudgment interest on the attorneys' fees and costs, fixed the *per diem* costs of post-judgment interest on the jury awards, and reversed its prior holding that it was entitled to prejudgment interest on the jury award. This timely appeal followed.

On appeal, Appellant presents the following issues.

1. Did the trial court err in failing to award the full amount of legal fees requested in [SCS's] [p]etition and supporting evidentiary submissions because, pursuant to the contractual fee-shifting provision applicable, such fees were reasonable and the amount awarded by the trial court was unreasonable and insufficient[.]

2. Did the trial court err by reversing its prior ruling awarding prejudgment interest *sua sponte* five years after judgment inclusive of such interest had been entered and all appellate procedures (other than the determination of attorneys' fees) had been adjudicated, thereby failing to include such prejudgment interest in its per diem calculation of post-judgment interest[.]

3. Did the trial court err when it failed to make a joint and several award of attorneys' fees and costs where WHTR and CalSTRS were represented by a single counsel, in most instances filed joint papers, made common and overlapping argument and participated in a joint and highly litigious strategy and defense, which resulted in Defendants spending millions defending *bona fide* claims with common issues of law and fact[.]

Appellant's Brief, at 4-5.

Prior to addressing SCS's issues on the merits, we must first determine whether SCS has properly presented their issues for our review. In its third issue on appeal, SCS contends that the trial court erred in failing to make WHTR and CalSTRS jointly and severally liable for attorneys' fees and costs. *See* Appellant's Brief, at 39-43. SCS claims that the trial court erred by failing to order Appellees jointly and severally liable for all fees and costs because both WHTR and CalSTRS were represented by single counsel, filed joint papers, and advanced similar arguments throughout litigation. *See id*. at 39. However, we note that SCS fails to provide *any* legal authority that would support its contention that the trial court erred by failing to make Appellees jointly and severally liable for the fees and costs. *See* Pa.R.A.P. 2119(a) (requiring citation to pertinent legal authority in support of a party's legal argument). "The failure to develop an adequate argument in an

appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa. Super. 2007) (citation, brackets, and quotation marks omitted).

Due to SCS's failure to comply with the requirements of Pa.R.A.P. 2119(a), we are unable to provide meaningful review of this issue. Thus, we find this issue waived. ***See***, ***e.g.***, ***Beshore***; ***In re Jacobs***, 936 A.2d 1156, 1167 (Pa. Super. 2007).

Moving to the issues SCS preserved for appeal, it challenges the trial court's decision to award SCS attorneys' fees and costs in an amount less than requested by SCS. ***See*** Appellant's Brief, at 4, 23-38. Initially, SCS contends that the wording of the prior panel's December 2012 memorandum decision required the trial court, on remand, to award SCS all of the attorneys' fees and costs that it contends were incurred as the "prevailing party." ***See id***., at 7, 11-12. Specifically, SCS contends that our directive for the trial court to "determin[e] and award … SCS's attorneys' fees incurred in connection with the dispute over the STS Agreement" requires that the trial court award all of the attorneys' fees incurred by SCS. ***See id***., at 10 (emphasis omitted).

On the contrary, both the trial court and CalSTRS contest this reading of the December 2012 memorandum decision and contend that the trial court was permitted by law to examine the reasonableness of SCS's request

for $2,225,617.66 in attorneys' fees and costs. **See** Appellee's Brief, at 3. **See also** Trial Court Opinion, 12/2/15, at 1.[1] We agree.

As mentioned, a prior panel of this Court previously found that SCS was entitled to attorneys' fees and costs as the "prevailing party." **See Shared Communications Services of ESR, Inc.**, 2319 EDA 2011, at 27. Specifically, the panel found that

> [a]s SCS properly notes, the STS Agreement contains a provision for the award of attorneys' fees generated as a result of any dispute concerning that agreement. The sole question for the trial court's consideration was whether either party was a "prevailing party" such that it would be entitled to such a fee. This Court in **Profit Wize Marketing v. Weist**, 812 A.2d 1270, 1275-1276 (Pa. Super. 2002), has provided guidance in making this determination, stating:
>
>> Consistent with this interpretation, we note that the noun, "prevailing party," is commonly defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." While this definition encompasses those situations where a party receives less relief than was sought or even normal relief, its application is still limited to those circumstances where the fact finder declares a winner and the court enters judgment in that party's favor. Such a pronouncement does not accompany a compromise or settlement.

_____

[1] We note that both CalSTRS's brief and the trial court's opinion contend that the trial court was required to employ the reasonableness test in relation to the entire $3,310,460.37 requested by SCS for attorneys' fees, costs, and interest. However, we have determined that the request for attorneys' fees and costs must be addressed separately, and have thus subtracted the total amount of interest requested, $ 1,084,842.71, from the total amount requested, $ 3,310,460.37, to arrive at $ 2,225,617.66 in total attorneys' fees and costs.

> ***Profit Wize Marketing***, 812 A.2d at 1275-1276 (holding that a settlement agreement and compromise did not demonstrate that either party was the "prevailing party").
>
> A review of the record reveals … a March 24, 2009 verdict for $147,300.00. The fact-finder in both trials declared unequivocally SCS the winner. Therefore, we conclude that SCS is the prevailing party in both trials. Consequently, and pursuant to the terms of the STS Agreement, SCS is entitled to its attorneys' fees. Accordingly we vacate the trial court's January 14, 2011 order and remand for the determination and award of SCS's attorneys' fees incurred in connection with the dispute over the STS Agreement.

2319 EDA 2011, at 27.

In reaching this conclusion, the panel relied upon paragraph 19.06 of the STS Agreement, which provided that "[i]n the event of any dispute between the parties hereto arising out of or in connection with this Agreement, the prevailing party shall be entitled to recover from the other its *reasonable* attorneys' fees and costs incurred in connection hereto." STS Agreement, 9/30/86, at ¶ 19.06 (emphasis added).

As we previously looked to the provisions of the STS Agreement to determine whether SCS was entitled to attorneys' fees and costs, it is a given that we would look to the STS Agreement to determine the type of attorneys' fees and costs that are recoverable pursuant to the fee-shifting provision. The STS Agreement clearly provides that the prevailing party is entitled to "reasonable attorneys' fees and costs." ***Id***. Thus, SCS is only entitled to its attorneys' fees incurred—to the extent they are reasonable.

Further, even if the STS Agreement did not indicate that the prevailing party was entitled to only its "reasonable attorneys' fees and costs," a trial court is permitted to inquire as to the reasonableness of a request for attorneys' fees before awarding them. **See McMullen v. Kutz,** 985 A.2d 769, 777 (Pa. 2009). Thus, we find no merit to SCS's contention that our December 13, 2012 memorandum decision required the trial court to award SCS the attorneys' fees incurred without a reasonableness inquiry.

Next, SCS contends that even if the wording of the 2012 memorandum decision did not mandate the trial court to award the full amount of fees, costs and expenses that it incurred against WHTR and CalSTRS, it was still error for the trial court not to do so. **See** Appellant's Brief, at 20-22. As noted above, the trial court found that SCS's request for $2,225,617.66 in attorneys' fees and costs was unreasonable. **See** Trial Court Opinion, 12/2/15, at 1-16. Thus, the trial court awarded SCS $321,900.00 from WHTR and $120,000.00 from CalSTRS as reasonable reimbursement for attorneys' fees, as well as $196,971.28 from WHTR and $73,593.66 from CalSTRS for costs. **See id**., at 21.

"Appellate review of a trial court's order awarding attorney's fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making a fee award." **Thunberg v. Strause**, 682 A.2d 295, 299 (Pa. 1996) (citation omitted).

Our Supreme Court has set forth a number of factors a trial court must consider in determining a reasonable award of attorneys' fees, including:

the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and very importantly, the amount of money or the value of the property in question.

*In re LaRocca's Trust Estate*, 246 A.2d 337, 339 (Pa. 1968) (internal quotation marks and citations omitted). Further, in reviewing the reasonableness of an award of attorneys' fees, we recognize that the amount of attorneys' fees awarded is

peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours, and its judgment should not be interfered with except for plain error…. [T]he allowance or disallowance of counsel fees rests generally in the judgment of the court of first instance and its decision will not be interfered with except for palpable error.

*Id*., at 340 (internal citations omitted).

Neither party produced witnesses to testify regarding each invoice or to assess the time or activity recorded by each of the persons on the invoices. Instead, CalSTRS and SCS stipulated that the time entries were factually accurate, and that it was for the trial court to determine if the time entered by SCS during the course of litigation was reasonable. As such, both parties agreed to rest on the invoices produced by SCS and the briefs CalSTRS and SCS submitted in opposition to and in support of the invoices, respectfully.

In support of its request for legal fees, SCS offered more than 627 pages of time entries that amounted, in total, to its request for $2,225,617.66 in legal fees. However, to a large degree, SCS did not address the reasonableness of its individual time entries in its filings with the trial court. Instead, SCS generally concluded that the amount requested in attorneys' fees and costs was inherently reasonable as it mirrored the legal fees incurred by WHTR and CalSTRS over the course of the litigation.

Conversely, CalSTRS, in its filings, while noting that SCS's action in incurring more than two million dollars in attorneys' fees and costs was patently unreasonable, addressed the reasonableness of the individual, as well as the categorical, time entries of SCS. CalSTRS noted that approximately $72,835.51[2] of SCS's claimed attorneys' fees appeared to be attributable to Sprint, and $23,165.00 appeared to be attributable to Travelers, defendants that for the most part were not parties to the instant action after 1999. Further, CalSTRS notes that a large number of the time entries appeared to be block billed, and that SCS did not provide a breakdown as to the hours expended on the WHTR matter versus the hours expended on CalSTRS matters. Accordingly, CalSTRS notes that due to these

_____

[2] We note that while CalSTRS initially indicates that $72,835.51 of all fees were attributable to Sprint, a sentence later it indicates that $72,379.51 should be deducted from the petition prior to determining any award.

deficiencies, it was unable to assess the reasonableness of each individual time entry.

After reviewing the documents submitted by both parties, the trial court utilized the factors set forth in *LaRocca* and determined SCS incurred an unreasonable amount of attorneys' fees in litigating this matter. While the trial court abided by the parties' stipulation that all of the work claimed was performed, the trial court found that SCS's failure to realistically assess the case prior to litigation caused an unnecessary amount of work to be performed in the case.

Specifically, the trial court determined that SCS frivolously pursued lost profit damages and tort causes of actions that were unavailable under the clear language of the STS Agreement, inappropriately employed, and thus incurred costs from, two law firms for the entirety of the litigation, and failed to use knowledge gained from similar litigation to the case. The trial court found that even when necessary motions were filed, the attorneys spent an inordinate amount of time on each motion, further driving up the claimed attorneys' fees. Thus, given its review of SCS's case strategies and the *LaRocca* standards, the trial court concluded that "an award of three [] times the compensatory damage award [was] appropriate and constitute[d] 'reasonable fees.'" Trial Court Opinion, 12/2/15, at 16. Additionally, the trial court concluded that SCS was entitled to its full costs, and awarded costs pursuant to this determination.

On appeal, SCS contends that it was error for the trial court to use hindsight and substantially reduce SCS's attorneys' fee award due to the trial court's opinion as to how SCS should have pursued its litigation strategy. **See** Appellant's Brief, at 25-38. Specifically, SCS disputes the trial court's ability to reduce its attorneys' fee award based upon its opinion that SCS frivolously pursued lost profit damages and tort causes of action, inappropriately employed two law firms for the entirety of the litigation, and failed to otherwise minimize its legal fees. **See id**. Additionally, as was its main claim at the hearing addressing attorneys' fees, SCS contends that one need only look at CalSTRS's similarly large legal fees incurred over the course of litigation to determine that SCS's purported legal fees were reasonable. **See id**., at 9, 20, 24-25.

Accordingly, SCS urges us to remand to the trial court to enter an order granting SCS all of the claimed legal fees involved. **See id**., at 22.

Pennsylvania Courts have previously addressed a trial court's award of attorneys' fees where the fee claimed was disproportionate to the amount awarded. In **Mountain View Condominium Association v. Bomersbach**, 734 A.2d 468 (Pa. Cmwlth. 1999), the Commonwealth Court[3] held that a

---

[3] "We of course recognize that a decision of the Commonwealth Court is not binding precedent upon this Court; however, it may be considered for its persuasive value." **Holland ex rel. Holland v. Marcy**, 817 A.2d 1082, 1083 n.1 (Pa. Super. 2002) (en banc) (citation and internal quotation marks omitted).

trial court did not abuse its discretion in awarding $46,548.64 in attorneys' fees on a $1,200.00 claim where the trial court found that the nature of the litigation warranted the full award. However, it has been held that a trial court does not abuse its discretion in awarding the prevailing party only a portion of its fees where the party does not prove the reasonableness of its request. **See Township of Millcreek v. Angela Cres Trust of June 25, 1998**, 142 A.3d 948 (Pa. Cmwlth. 2016) (affirming a trial court's award of $517,868.00 in attorneys' fees costs and expenses where the prevailing party failed to prove the reasonableness of its request for $3,359,900.33 in attorney's fees, costs and expenses).

Based upon these cases, the Commonwealth Court has found that

> [t]his precedent indicates that, as long as the trial court reviews the record and considers factors such as the nature and length of the litigation, the responsibilities of the parties in affecting the nature and length of the litigation, and the competitiveness of the rate and time expended, it is difficult for an appellate court to hold that a trial court abused its discretion in issuing a particular award of attorney's fees.

**Arches Condominium Ass'n v. Robinson**, 131 A.3d 122, 132-133 (Pa. Cmwlth. 2015).

Here, the trial court appropriately applied the **LaRocca** factors to SCS's request for attorneys' fees. Pursuant to the trial court's findings of fact, which are supported by the record, the trial court determined that the amount of work performed was far in excess of what was necessary for the difficulty of the case and the amount of money or the value of property in

question. While SCS contests the way that the trial court came to this conclusion, *i.e.*, by applying hindsight to SCS's trial strategy, we find that the trial court adequately set forth its reasoning for these findings. As we are required to give deference to the trial court's factual findings and judgment, we conclude that SCS's argument lacks merit. **See LaRocca**, 246 A.2d at 340.

Further, we observe that we generally do not support a trial court's use of a multiplier, as applied to the compensatory damage award, to arrive at a reasonable attorneys' fee. However, our painstaking review of the record reveals that it is not possible to determine the reasonableness of SCS's request from its voluminous time entries alone, as the entries appear to include time expended on litigation that was separate from the instant action, block billed time entries, and largely failed to differentiate between the times expended on each of the defendants in this matter. Additionally, we have no other way to assess the reasonableness of SCS's request as SCS failed to present any testimony regarding the reasonableness of its individual time entries and largely rested upon generalized conclusions concerning its entitlement to the attorneys' fees in its petitions.

Therefore, under these specific circumstances, we cannot say this decision was "palpable error," given the fact that SCS presented minimal evidence to prove the reasonableness of its request for attorneys' fees and

costs. *Id*., at 340. Accordingly, SCS's contention that the trial court erred in fashioning its award of attorneys' fees is without merit.

Lastly, SCS claims that the trial court erred by failing to award prejudgment interest on the awards for the jury verdict and attorneys' fees and costs. *See* Appellant's Brief, at 4. First, Appellant claims that it was error for the trial court to retroactively eliminate the prejudgment interest of $76,986.19 against WHTR and $20,189.06 against CalSTRS as the trial court had previously awarded SCS under its January 13, 2011 order. *See* Appellant's Brief, at 44. It contends that the trial court was without jurisdiction to modify the terms of its prior order more than four years after the entry of its previous order. *See id*. at 45.[4] We agree.

_____

[4] SCS also contends that, even if the trial court had the jurisdiction to eliminate its previous award of prejudgment interest on the jury verdict, this was error as Pennsylvania state law provides that prejudgment interest "is a legal right when there has been a recovery based on a breach of contract cause of action." Appellant's Brief, at 46 (citing *Verner v. Shaffer*, 500 A.2d 479, 482 (Pa. Super. 1985). SCS's statement of the law is misleading. In Pennsylvania, while trial courts must award prejudgment interest on some breach of contract claims, trial courts have discretion on whether or not to award prejudgment interest on other breach of contract claims. *See Fidelity Bank v. Com. Marine and Gen. Assurance Co*., 592 F.Supp. 513, 522 (E.D. Pa. 1984). Specifically, the Restatement (Second) of Contracts, which Pennsylvania follows, provides that prejudgment interest is awarded as a matter of right only on breach-of-contract damages ascertainable from the terms of the contract, while, in all other circumstances, prejudgment interest is awarded at the trial court's discretion. *See* Restatement (Second) of Contracts § 354.

Under Pennsylvania law, a trial court is permitted to modify or rescind any order within thirty days, provided that no appeal from the order has been taken. **See** 42 Pa.C.S.A. § 5505. Following this thirty-day period, the order becomes final and the trial court is without jurisdiction to *sua sponte* modify an order unless it is to correct a clerical mistake which does not require the exercise of discretion. **See Stockton v. Stockton**, 698 A.2d 1334, 1338 (Pa. Super. 1997).

Here, the record reflects that neither party requested that the trial court revisit its decision concerning prejudgment interest. Thus, because the decision to vacate an award requires an exercise of discretion, it was clearly error for the trial court to revisit this matter and vacate its previous award to SCS of $76,986.19 in prejudgment interest from WHTR and $20,189.06 in prejudgment interest from CalSTRS.

Further, the trial court's action patently exceeded the scope of our remand order. "A trial court has an obligation to comply scrupulously, meticulously, and completely with an order of the [appellate c]ourt remanding a case to the trial court." **Commonwealth v. Williams**, 877 A.2d 471, 474 (Pa. Super. 2005) (citation omitted). Issues not included in the remand mandate cannot be considered by the trial court. **See id**., at 475.

We therefore remand this matter to the trial court and direct the reinstatement of these prejudgment interest awards.

Finally, SCS contends that the trial court erred by failing to award it prejudgment interest on its request for attorneys' fees. *See* Appellant's Brief, at 52. "Our review of an award of prejudgment interest is for abuse of discretion." ***Kaiser v. Old Republic Ins. Co***., 741 A.2d 748, 755 (Pa. Super. 1999) (citation omitted).

Under Pennsylvania law, the right to prejudgment interest in a contractual dispute "begins at the time payment is withheld after it has been the duty to the debtor to make such payment." ***Fernandez v. Levin***, 548 A.2d 1191, 1193 (Pa. 1988). There is a dearth of Pennsylvania state law addressing a request for prejudgment interest on an award of attorneys' fees under a contractual fee-shifting provision. However, the United States Court of Appeals for the Third Circuit has interpreted Pennsylvania law in relation to this exact issue.

In ***PPG Indus., Inc. v. Zurawin***, the Court held that because Pennsylvania law provides that prejudgment interest does not accrue until the time payment is withheld, prejudgment interest *cannot* accrue on an award of attorneys' fees and costs pursuant to a contractual fee-shifting provision because the obligation to pay these fees does not arise until the trial court enters a final judgment. ***See*** 52 Fed. App'x 570, 581 (3d Cir. 2002).

We agree with the Third Circuit's interpretation of Pennsylvania state law and adopt it as our own. Thus, because prejudgment interest does not arise on an award of attorneys' fees and costs pursuant to a contractual fee-

shifting provision, we cannot find that it was error for the trial court to fail to award prejudgment interest on SCS's award of attorneys' fees and costs.

Order affirmed in part, vacated in part. Remand for modification of the judgment consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017