J-S07003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PREMIER CAPITAL, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC DECECCO, ESQ., CHARLES | : | No. 843 MDA 2024 |
| N. SHURR, JR., ESQ., AND | : | |
| HARTMAN, VALERIANO, MAGOVERN, | : | |
| & LUTZ, P.C. F/K/A HARTMAN SHURR | : | |
| VALERIANO, A/K/A HARTMAN SHURR | : | |

Appeal from the Judgment Entered June 10, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
15 18937

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: AUGUST 21, 2025**

Appellant Premier Capital, LLC, appeals from the judgment entered upon a jury verdict in favor of Appellant and against Appellees, Dominic DeCecco, Esq., Charles N. Shurr Jr., Esq., and Hartman, Valeriano, Magovern, & Lutz, P.C., in the amount of $750,000.  Appellant argues that the trial court erred by denying Appellant's post-trial motion for pre-judgment interest.  We affirm.

We adopt the trial court's summary of the facts underlying this matter. *See* Trial Ct. Op., 8/2/24, at 1-3.  Briefly, on October 8, 2015, Appellant filed a legal malpractice action against Appellees asserting professional negligence due to Appellees' "fail[ure] to insure and timely transfer title of a valuable piece of real property" to Appellant and that the property was subsequently damaged by a fire.  *Id.* at 1 (footnote omitted).  After a three-day trial, on

May 4, 2023, the jury returned a verdict in favor of Appellant, finding the attorney Appellees negligent and that this negligence caused harm to Appellant, and awarded $750,000 in damages. *Id.* at 1-2; *see also* Verdict Slip, 5/5/23.

Appellant and Appellees both filed timely post-trial motions. Appellant requested post-judgment and pre-judgment interest on the damages award, while Appellees requested judgment notwithstanding the verdict (JNOV) and/or a new trial. *See* Trial Ct. Op., 8/2/24, at 2. Appellees subsequently withdrew their post-trial motions and on March 13, 2024, notified the trial court that they had paid Appellant the verdict award sum along with post-judgment interest, a total payment of $785,383.57. *See id.* at 2-3. Thereafter, only Appellant's motion for pre-judgment interest remained outstanding before the trial court. *See id.* at 3.

On May 31, 2024, the trial court denied Appellant's motion for pre-judgment interest and on June 10, 2024, entered judgment for Appellant. Appellant timely filed a notice of appeal and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following claim:

Did the trial court err by denying Appellant's post-trial motion for pre-judgment interest?

Appellant's Brief at 4 (some formatting altered).

Appellant argues that the trial court "erred as a matter of law by constricting application of pre-judgment interest to only those claims for

compensation arising from bodily injury, death or property damage pursuant to Rule 238." *Id.* at 13. Appellant contends that, in addition to Rule 238, a trial court may award pre-judgment interest as an equitable remedy. *See id.* at 11-12 (citing, *inter alia*, *Kaiser v. Old Republic Ins. Co.*, 741 A.2d 748 (Pa. Super. 1999); *Rizzo v. Haines*, 515 A.2d 321 (Pa. Super. 1986) (*Rizzo I*)).

Appellant contends that the trial court misunderstood Appellant's request for relief when it "focused on the underlying property damage pursuant to" Pa.R.Civ.P. 238, which authorizes "delay damages in certain civil actions." *Id.* at 11. Appellant explains that it "did not seek post-trial relief of pre-judgment interest based on Rule 238 as it permitted delay damages in certain civil actions, but rather pre-judgment interest for equitable reasons subject to the discretion of the trial court." *Id.*

Further, Appellant argues that it is entitled to pre-judgment interest on the award because Appellant's "legal malpractice claim was akin to a breach of contract, *i.e.*, the mortgage note required insurance be maintained on the property in foreclosure." *Id.* at 11. Appellant concludes:

> Once the jury determined that [] Appellees' conduct was a factual cause of [Appellant's] loss of the sum certain, the trial court should have placed [Appellant] in the same position that it would have been but for the malpractice. To do so required the imposition of pre-judgment interest to afford [Appellant] the same relief in equity that would have been received but for the negligence, *i.e.*, the present value of the money that should have been received long ago.

*Id.* at 13 (some formatting altered).

- 3 -

In addressing a trial court's ruling on a post-trial motion,

[o]ur review is limited to determining whether the trial court abused its discretion or committed an error of law. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. If the alleged mistake concerned an error of law, we will scrutinize for legal error. On questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Spencer v. Johnson*, 249 A.3d 529, 549 (Pa. Super. 2021) (citations omitted).

In *Kaiser*, the plaintiff, a Pennsylvania state insurance fund, sought pre-judgment interest on a verdict against an insurance company defendant for medical expenses the plaintiff had paid to the defendant's insured. *See Kaiser*, 741 A.2d at 750. Prior to filing suit, the plaintiff had learned that the defendant's insured was entitled to have her medical expenses paid through the defendant's worker's compensation policy and had sought reimbursement of these expenses from the defendant, but the defendant had refused to reimburse the plaintiff. *Id.* at 753. The trial court awarded pre-judgment interest from the date that a "workers' compensation referee . . . ordered [the defendant] to pay" the insured's medical expenses through to the date of verdict, a period of approximately seven years. *Id.* at 750-51.

The *Kaiser* Court explained:

It is well settled that in contract cases, pre-judgment interest is awardable as of right. Because the instant matter is not in the nature of contract, [the defendant] contends that pre-judgment interest is an unavailable remedy. We cannot agree. Our courts have generally regarded the award of pre-judgment interest as

- 4 -

not only a legal right, but also as an equitable remedy awarded to an injured party at the discretion of the trial court. . . .

While the general rule is that a successful litigant is entitled to interest beginning only on the date of the verdict, it is nonetheless clear that pre-judgment interest may be awarded when a defendant holds money or property which belongs in good conscience to the plaintiff, and the objective of the court is to force disgorgement of his unjust enrichment. Pre-judgment interest in such cases is a part of the restitution necessary to avoid injustice. . . . Thus, it reasonably appears the trial court awarded pre-judgment interest on the basis of proper equitable considerations, given [the defendant's] knowledge, the [plaintiff's] lack thereof and the financial detriment the [plaintiff] incurred through payout of its funds.

*Id.* at 755 (citations omitted and some formatting altered).

In **Rizzo I**, this Court addressed whether the plaintiffs were entitled, upon obtaining a verdict and award after a non-jury trial, to pre-judgment interest at the lower "legal rate of interest" or the higher "market rate of interest" on a sum of $50,000 that the defendant attorney had "wrongfully and fraudulently taken" from the plaintiff client. **Rizzo I,** 515 A.2d at 323-25. This Court concluded that the defendant "should be considered as [] holding that sum in a constructive or resulting trust" as he "had full use of the funds for the entire period[]" and the defendant could "have invested the wrongfully-detained funds at the market rate[.]" *Id.* at 324-25. Accordingly, this Court reversed the trial court's order denying the plaintiffs' request for pre-judgment interest and remanded for the trial court to compute pre-judgment interest at the market rate. *Id.* at 324-25.

This Court in **Rizzo I** also noted that Rule 238 "is explicitly limited by its own language[] and we[,] therefore, do not find it applicable to a legal

malpractice action[,]" that is, the delay damages authorized in Rule 238 do not apply to legal malpractice actions. *Id.* (citations omitted); *see also Young v. Lippl*, 251 A.3d 405, 424 (Pa. Super. 2021) (explaining that a plaintiff in a legal malpractice case is entitled to post-judgment interest "from the date of the verdict in the legal malpractice case" but is not entitled to pre-judgment interest from the "prospective date of a verdict in the underlying cause of action").

In *Rizzo v. Haines*, 555 A.2d 58, 60, 70 (Pa. 1989) (*Rizzo II*), our Supreme Court affirmed the *Rizzo I* decision and explained that, in determining whether to award pre-judgment interest on an equitable basis,

> the element of time may enter as an important factor, [where] the plaintiff will not be fully compensated unless he receive, not only the value of his property, but receive it, as nearly as may be, as of the date of his loss.  Hence it is that the jury [or trial court in a non-jury trial] may allow additional damages, in the nature of interest, for the lapse of time.

*Rizzo II*, 555 A.2d at 60, 70 (citation omitted).  Therefore, the trial court could require the defendant to return the fraudulently-obtained funds and to pay interest on the funds from the date of loss, that is, the trial court could award the plaintiff additional damages in the nature of pre-judgment interest. *See id.*  The *Rizzo II* Court did not address or disturb this Court's conclusion in *Rizzo I* that the delay damages permitted by Rule 238 did not apply to a legal malpractice action. *See id.* at 60-72.

Here, the trial court explained:

> The award of interest on judgments is authorized by 42 Pa.C.S.[]
> § 8101[,] which states
>
>> Except as otherwise provided by another statute, a
>> judgment for a specific sum of money shall bear interest at
>> the lawful rate **from the date of the verdict or award, or
>> from the date of the judgment**[.]

Trial Ct. Op. at 4 (emphasis original).

Concluding that Section 8101 only provided for post-judgment interest and not pre-judgment interest on awards, the trial court then examined whether Appellant was entitled to pre-judgment interest under Rule 238. Specifically, the trial court explained:

> [Rule 238] provides in pertinent part:
>
>> (a)(1) At the request of the plaintiff in a civil action seeking
>> monetary relief **for bodily injury, death or property
>> damage**, damages for delay shall be added to the amount
>> of compensatory damages awarded against each defendant
>> . . . and shall become part of the verdict, decision or award.
>
> Pa.R.Civ.P. 238(a)(1) (emphasis added).   Unfortunately for
> [Appellant] a legal malpractice action is not an action seeking
> compensation for bodily injury, death or property damage [under
> Rule 238].
>
> . . . [A] legal malpractice action [] can best be described as a "case
> within a case" and therefore not contemplated by Rule 238(a)(1).
>
> \*     \*     \*
>
> In **Rizzo** [**I**], the Superior Court held that delay damages are not
> appropriate in legal malpractice cases despite the fact that the
> underlying claim was for the type of injury enumerated in Rule
> 238. . . .   The Superior Court denied damages, holding:
>
>> . . . While we recognize that the underlying cases which
>> precipitated the instant action were both personal injury
>> cases, the instant action was an action for legal malpractice.
>> . . .

> ***Rizzo*** [***I***], 515 A.2d at 32[5]. . . . In the instant case, none of the [Appellees] **caused** the property damage, *i.e.*, they did not light the proverbial flame.

***Id.*** at 4-6 (emphasis in original).

Based on our review, we agree with the trial court that neither 42 Pa.C.S. § 8101 nor Rule 238 provides a basis for awarding pre-judgment interest in a legal malpractice action. ***See*** 42 Pa.C.S. § 8101; Pa.R.Civ.P. 238; ***see also Rizzo I***, 515 A.2d at 323, 325 (holding that Rule 238 is not "applicable to a legal malpractice action"); ***Young***, 251 A.3d at 424.

We disagree, however, with the trial court's conclusion that Appellant was not entitled to pre-judgment interest solely based on those authorities, as Appellant sought pre-judgment interest on **equitable grounds** before the trial court. ***See*** Appellant's Brief in Supp. of Post-trial Mot., 12/26/23, at 1, R.R. at 38a;[1] ***see also*** R.R. at 46a-47a.[2]

The question of whether Appellant has an equitable basis for pre-judgment interest on the award here is resolved by applying the guidance contained in ***Kaiser*** and ***Rizzo I***, as affirmed by ***Rizzo II***. Pre-judgment

---

[1] We may cite to the reproduced record for the parties' convenience.

[2] Appellees contend that Appellant waived its claim "by failing to properly develop its argument with citation to appropriate authorities in this Court and the court below." Appellees' Brief at 5; ***see generally id.*** at 3-11. Our review of the record, however, reflects that Appellant filed a brief in support of its motion that cited ***Kaiser***, which, as we note above, held that pre-judgment interest may be granted outside of a contract claim, pursuant to principles of equity. ***See*** R.R. at 46a-47a. Accordingly, Appellant provided relevant authority for its equitable basis argument and, therefore, we decline to find waiver of its claim of an equitable basis for pre-judgment interest on an award in a legal malpractice action.

interest was upheld in **Kaiser** where the defendant held "money or property which properly belongs in good conscience to the plaintiff" and the "objective of the [pre-judgment interest was] to force disgorgement of [the defendant's] unjust enrichment[]" and to "avoid injustice." **Kaiser**, 741 A.2d at 755. In **Rizzo I**, the trial court was permitted to award pre-judgment interest where the defendant attorney had "wrongfully and fraudulently" obtained funds from the plaintiff client and had "had full use of the funds" and could "have invested the wrongfully-detained funds" because the defendant should be treated as "holding that sum in a constructive or resulting trust[.]" **Rizzo I**, 515 A.2d at 323-25. **Rizzo II** noted that the same defendant had "fraudulently induced [his client] to transfer [these funds] to him" in affirming the availability of an award of pre-judgment interest. **Rizzo II**, 555 A.2d at 70.

Here, Appellant argues that an award of pre-judgment interest is equitable because it would provide Appellant with "the present value of the money" that Appellant should have "received long ago" and place Appellant "in the same position that [Appellant] would have been but for [Appellees'] malpractice." Appellant's Brief at 13. Appellant fails to articulate, however, how the harm caused by Appellees' negligence was not adequately remedied by the jury's award of damages. Appellant also fails to identify relevant conduct by Appellees that the jury did not consider which would permit the application of equity to "avoid injustice" or "force disgorgement of [] unjust enrichment." **Kaiser**, 71 A.2d at 755.

Appellant further fails to identify conduct by Appellees akin to "holding [a] sum in a constructive or resulting trust[,]" or funds that Appellees had "wrongfully or fraudulently taken" from Appellant, which was not already presented to the jury for consideration in formulating the underlying award. *Rizzo I*, 515 A.2d at 324-25. Moreover, Appellant did not present a claim for pre-judgment interest to the jury, unlike the plaintiffs in *Rizzo I*. Instead, Appellant moved for pre-judgment interest after the jury reached its verdict. For these reasons, we find no merit in Appellant's argument that the conduct of Appellees, which was already considered by the jury in granting the underlying negligence award, should also serve as a basis for an additional equitable award of pre-judgment interest. Accordingly, while the trial court did not engage with Appellant's claim of an equitable basis to award Appellant pre-judgment interest, we find no abuse of discretion or reversible legal error in the order denying Appellant's request for relief. *See Spencer*, 249 A.3d at 549. Accordingly, we affirm.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/21/2025

- 10 -