The SCHOOL DISTRICT OF
PHILADELPHIA,
Petitioner

v.

DEPARTMENT OF EDUCATION,
Respondent.

Commonwealth Court of Pennsylvania.

Argued May 14, 2012.
Decided June 4, 2012.

Allison S. Petersen, Huntingdon Valley, for petitioner.

Alaina C. Koltash, Assistant Counsel, Harrisburg, for respondent.

Robert W. O'Donnell, Philadelphia, for intervenor Freire Charter School.

BEFORE: PELLEGRINI, President Judge, and COVEY, Judge, and COLINS, Senior Judge.

OPINION BY Judge COVEY.

The School District of Philadelphia (District) appeals from the Secretary of Education's (Secretary) September 28, 2011 order directing the Pennsylvania Department of Education (Department) to disperse $400,136.23 to Freire Charter School (Charter School) for school years 2008–2009 and 2009–2010. The Charter School intervened in the appeal. There are three issues before the Court: (1) whether the District bears the burden of proof in a funding dispute; (2) whether the Department had jurisdiction to hear this dispute; and (3) whether the Secretary properly concluded the enrollment cap was invalid. We affirm.

On September 1, 1999, the District issued an initial charter to the Charter School for four years. On November 15, 2002, the Charter School submitted an application for renewal of its charter. On January 15, 2003, the School Reform Commission (SRC) adopted a resolution granting the Charter School's renewal request beginning September 1, 2003 and ending August 31, 2008. The resolution also contained a provision limiting the Charter School's enrollment to 440 students. The 2003 charter referenced and incorporated the SRC resolution capping the student enrollment. The Charter School and the District signed the 2003 charter.

On January 15, 2008, the Charter School sought renewal of its charter for another five years. On April 16, 2008, the SRC adopted a resolution granting the Charter School's renewal request beginning with school year 2008–2009 and ending with school year 2012–2013. The charter included an enrollment cap of 440 students. However, before signing the charter, the Charter School crossed out and initialed the enrollment cap provision. In addition, the Charter School enclosed a letter stating: "[i]t is our understanding that a new state law passed this past legislative session eliminates the ability of Pennsylvania school districts to cap enrollment of a Charter School 'unless by agreement' between the School District and the Charter School. We respectfully do not agree ... to that cap...." Reproduced Record (R.R.) at 1021a. The District did not sign the 2008 charter agreement.

At no time during the 2008–2009 and 2009–2010 school years did the District

pay the Charter School for more than 440 students. By letter dated October 19, 2010, the Charter School requested the Department to withhold from the District's subsidy allocation amounts owed to the Charter School for the education of students above the 440–student enrollment limitation during the 2008–2009 and 2009–2010 school years. On October 28, 2010, the Department notified the District by letter that, pursuant to Section 1725–A(a)(5) of the Charter School Law (CSL),[1] 24 P.S. § 17–1701–A(a)(5), it withheld $498,431.00 from the District's next Basic Education Subsidy, as requested by the Charter School. The Department also notified the District that it could challenge the withholding if it disagreed with the deduction.

■ By letter dated November 3, 2010, the District objected to the withholding and requested a hearing regarding the accuracy of the deduction. On December 23, 2010, an administrative hearing was held. On September 28, 2011, the Secretary filed an Opinion and Order. The Order decreed that the Charter School did not assent to the student enrollment cap for school years 2008–2009 and 2009–2010 when it signed the charter, and that the Charter School is entitled to payment for the education of students it enrolled above the cap for the 2008–2009 and 2009–2010 school years. Accordingly, the Order directed the Department to disburse $400,136.23 of the $498,431.00 to the Charter School that was withheld from the District's Basic Education Subsidy for school years 2008–2009 and 2009–2010, and

to remit the balance of the withheld funds to the District in the amount of $98,294.77. The District appealed to this Court, and the Charter School intervened.[2]

■ The District first argues that, because the Charter School initiated the claim when it requested the Department to withhold the District's subsidy, the Charter School has the burden of establishing that it is entitled to the funds it seeks. We disagree.

■ Initially, we recognize:

In every lawsuit, somebody must go on with it; the plaintiff is the first to begin, and if he does nothing he fails. If he makes a prima facie case, and nothing is done by the other side to answer it, the defendant fails. *The test, therefore, as to the burden of proof is simply to consider which party would be successful if no evidence at all was given,* or if no more evidence was given than is given at this particular point of the case; because it is obvious that during the controversy in the litigation there are points at which the onus of proof shifts, and at which the tribunal must say, if the case stopped there, that it must be decided a particular way.... Now that being so, the question as to onus of proof is only a rule for deciding on whom the obligation rests of going further, if he wishes to win.

*500 James Hance Court v. Pennsylvania Prevailing Wage Appeals Bd.,* —— Pa. ——, 33 A.3d 555, 575–76 (2011) (quoting *Henes v. McGovern,* 317 Pa. 302, 310–11, 176 A. 503, 506 (1935)) (emphasis added).

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 101–27—2702. Section 17–A added by Section 1 of the Act of June 19, 1997, P.L. 225, *as amended,* 24 P.S. §§ 17–1701–A—17–1751–A.

2. "This Court's standard of review of a decision of the [Secretary] is limited to [the] determination of whether substantial evidence supports necessary factual findings, and whether an error of law or constitutional violation was committed." *Curl v. Solanco Sch. Dist.,* 936 A.2d 183, 185 n. 1 (Pa.Cmwlth. 2007).

Pursuant to Section 1725–A(a)(6) of the CSL, "[t]he secretary shall provide the school district with an opportunity to be heard concerning whether the charter school documented that its students were enrolled in the charter school ... and whether the amounts deducted from the school district were accurate." 24 P.S. § 17–1725–A(a)(6). Clearly, under the statute, the District is the challenger. Based on the above-quoted Pennsylvania Supreme Court cases, if the District does not provide evidence, the Charter School's documentation will prevail. Since the Charter School will be paid absent evidence to the contrary, the District has the burden of proving that the Charter School's documentation is inaccurate.

Further, contrary to the District's claim that this issue is one of first impression, this Court has previously held that: "The [CSL] ... contemplates that the school district *has the burden* to challenge the estimated withheld amount...." *Chester Cmty. Charter Sch. v. Dep't of Educ.*, 996 A.2d 68, 79 (Pa.Cmwlth.2010) (emphasis added). Accordingly, the Secretary properly found that the District had the burden of proof.

▆ The District next contends that the Department did not have jurisdiction to hear this matter. The basis for its assertion is that the SRC resolution to renew the charter was an adjudication and therefore the Charter School should have appealed the enrollment cap to the Philadelphia Court of Common Pleas pursuant to the Local Agency Law.[3] We disagree.

This Court recently addressed this exact issue in *School District of Philadelphia v. Department of Education*, 41 A.3d 222, 226 (Pa.Cmwlth.2012) (*School District*), wherein, it explained:

Section 1725–A of the CSL, entitled '[f]unding for charter schools[,]' provides in paragraph (a)(6):

Within thirty (30) days after the secretary makes the deduction described in clause (5), a school district may notify the secretary that the deduction made from State payments to the district under this subsection is inaccurate. *The secretary shall provide the school district with an opportunity to be heard* concerning whether the charter school documented that its students were enrolled in the charter school, the period of time during which each student was enrolled, the school district of residence of each student and whether the amounts deducted from the school district were accurate.

Moreover, this Court specifically held that 'the Section 1725–A(a)(6) hearing is intended to cover the accuracy of the Secretary's deduction of a subsidy, *for any reason*, where the school district fails to make the prescribed monthly payment to a charter school in the correct amount.' *Chester Cmty. Charter Sch. v. Dep't of Educ.*, 996 A.2d 68, 78 (Pa.Cmwlth.2010) (emphasis added).

In *School District*, this Court held that the Department had jurisdiction because pursuant to Section 1725–A(a)(5) of the CSL, the Department notified the District of its withholding of funds, and pursuant to Section 1725–A(a)(6) of the CSL, the District requested a hearing. In the instant case, the Department also notified the District of its withholding pursuant to Section 1725–A(a)(5) of the CSL, and the District requested a hearing pursuant to Section 1725–A(a)(6) of the CSL. Accordingly, the Department had jurisdiction to hear the matter.

---

**3.** 2 Pa.C.S. §§ 551–555, 751–754.

Finally, the District argues that the Department erred in concluding that the Charter School did not legally assent to the enrollment limit, and in withholding its subsidy for students enrolled in a charter school in excess of an agreed-upon enrollment cap. Specifically, the District maintains that the charter containing the cap was agreed to by the Charter School because the Charter School's renewal request contained the 440-student enrollment cap, and the Charter School never enrolled more than, nor requested more than, 440 students up to that point in time. We disagree.

Section 1723–A(d)(1) of the CSL specifically provides: "Enrollment of students in a charter school ... shall not be subject to a cap or otherwise limited by any past or future action ... *unless agreed to by the charter school ... as part of a written charter* pursuant to section 1720–A." 24 P.S. § 17–1723–A(d)(1) (emphasis added). Here, it is undisputed that the Charter School crossed out the specific enrollment cap provision[4] in the April 16, 2008 charter school agreement, and notified the District by letter as follows: "[i]t is our understanding that a new state law passed this past legislative session eliminates the ability of Pennsylvania school districts to cap enrollment of a Charter School 'unless by agreement' between the School District and the Charter School. **We respectfully do not agree ... to that cap** ...." R.R. at 1021a (emphasis added). Clearly, the Charter School did not agree to the enrollment cap. Accordingly, the Secretary did not err in concluding that the cap was invalid, and that the Charter School was entitled to the funds.

For all of the above reasons, the Secretary's Order is affirmed.

---

4. *See* R.R. at 514a.

---

*ORDER*

AND NOW, this 4th day of June, 2012, the Secretary of Education's September 28, 2011 Order is affirmed.

