# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Leadership Charter : 
School, : 
                 : 
                 Petitioner : 
                  : 
          v. : No. 765 C.D. 2023
                  : Argued:  February 6, 2024
New Kensington-Arnold School : 
District (Department of Education), : 
                  : 
               Respondent : 

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:  March 15, 2024

      In this charter school funding dispute, Pennsylvania Leadership Charter School (Charter School) petitions for review of an order of the Department of Education (Department) that ordered the New Kensington-Arnold School District (School District) to pay the Charter School $23,436.65 in tuition owed for students attending the Charter School in the 2016-17 school year.  The Charter School argues that the Department erred or abused its discretion when it failed to grant the Charter School the amended amount sought, and when it failed to award the Charter School pre-judgment interest.[1]  After careful review, we vacate the Department's order and

---

[1] We reordered the Charter School's issues for ease of discussion.

remand this matter, with instructions for the Department to make specific findings and conclusions as to the amount of tuition owed to the Charter School and whether the Charter School should be awarded pre-judgment interest. Further, because the School District failed to participate in the administrative proceeding before the Department, on remand, we order that the School District is precluded from offering evidence to contest the accuracy of the amount of tuition owed or the award of pre-judgment interest.

The relevant facts as found by the Department and from the record are as follows.[2] The Charter School is a cyber charter school that enrolls students from across the Commonwealth, including students from the School District. Charter School funding is governed by Section 1725-A of the Charter School Law (CSL), 24 P.S. §17-1725-A.[3] During the 2016-17 school year, the School District did not

---

[2] The Department's Order and Opinion, dated June 21, 2023, mailed on June 23, 2023, may be found in the Reproduced Record (R.R.) at 1a-5a.

[3] The Charter School Law (CSL) is part of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of June 19, 1997, P.L. 225, 24 P.S. §§1-101 – 27-2702, which may be found at 24 P.S. §§17-1701-A – 17-1751-A. Section 1725-A(a)(2), (3), (5) and (6) of the CSL, most recently amended in 2016, provides, in relevant part, that funding for charter schools shall be provided by the school district of residence of students attending charter schools, as follows.

> (2) For non-special education students, the charter school shall receive for each student enrolled no less than the budgeted total expenditure per average daily membership of the prior school year . . . minus the budgeted expenditures of the district of residence for nonpublic school programs; adult education programs; community/junior college programs; student transportation services; for special education programs; facilities acquisition, construction and improvement services; and other financing uses, including debt service and fund transfers as provided in the Manual of Accounting and Related Financial Procedures for Pennsylvania

**(Footnote continued on next page…)**

2

School Systems established by the [D]epartment. The amount shall be paid by the district of residence of each student.

(3) For special education students, the charter school shall receive for each student enrolled the same funding as for each non-special education students as provided in clause (2), plus an additional amount determined by dividing the district of residence's total special education expenditure by the product of multiplying the combined percentage of section 2509.5(k)[][of the Public School Code, 24 P.S. §25-2509(k)] times the district of residence's total average daily membership for the prior school year. This amount shall be paid by the district of residence of each student.

* * *

(5) Payments shall be made to the charter school in twelve (12) equal monthly payments, by the fifth day of each month, within the operating school year. . . . If a school district fails to make a payment to a charter school as prescribed in this clause, the secretary shall deduct the estimated amount, as documented by the charter school, from any and all State payments made to the district after receipt of the documentation from the charter school. No later than October 1 of each year, a charter school shall submit to the school district of residence of each student final documentation of payment to be made based on the average daily membership for the students enrolled in the charter school from the school district for the previous school year. If a school district fails to make payment to the charter school, the secretary shall deduct and pay the amount as documented by the charter school from any and all State payments made to the district after receipt of documentation from the charter school from the appropriation for the fiscal year in which the final documentation of payment was submitted to the school district of residence.

(6) Within thirty (30) days after the secretary makes the deduction described in clause (5), a school district may notify the secretary that the deduction made from State payments to the district under this subsection is inaccurate. The secretary shall provide the school district with an opportunity to be heard concerning whether the charter school documented that its students were enrolled in the charter school, the period of time during which each student was

**(Footnote continued on next page…)**

3

pay the Charter School directly for tuition amounts owed each month, but the Charter School received a total of $168,453.27 from the Department by way of a subsidy deduction from the School District's state funds. Reproduced Record (R.R.) at 320a-23a. In April 2018, the Charter School submitted a year-end reconciliation report for the 2016-17 school year to the Department, referred to in Section 1725-A(a)(5) of the CSL as "final documentation," seeking redirection under Section 1725-A(a)(5) of the CSL in the amount of $23,436.65 (Original Claim). *Id.* at 1a, 321a. In May 2018, the Department notified the Charter School and School District that it did not withhold or redirect the requested funds and referred the matter to the Department's Office of Chief Counsel as "an administrative appeal." *Id.* at 1a-2a, 301a. The Department did not withhold the funds because the Charter School did not provide final documentation of payment to be made to the School District by October 1, 2017, as required by Section 1725-A(a)(5) of the CSL. *Id.*

In August 2019, the Department Docket Clerk notified the Charter School and School District of the procedures and timelines for the administrative appeal. R.R. at 2a, 318a-19a. In September 2019, the School District notified the Department that it would be interested in voluntarily participating in mediation.[4] *Id.* at 2a. On February 11, 2020, the Charter School notified the Department Docket Clerk and the School District that it wished to amend the amount of its claim to $27,693.68 (Amended Claim), because the Original Claim was incorrectly calculated due to an "inadvertent omission." *Id.* at 2a, 297a-99a. After two requests

---

enrolled, the school district of resident for each student and whether the amounts deducted from the school district were accurate.

24 P.S. §17-1725-A(a)(2), (3), (5) and (6).

[4] Except for sending that letter, the School District did not participate in the administrative appeal, despite receiving notice. *See* R.R. at 4a.

by the Charter School, the Department appointed Debra Rand to serve as the Hearing Examiner for the appeal. *Id.*

The Hearing Examiner held a pre-hearing conference by telephone and scheduled a hearing for December 3, 2020. R.R. at 3a. In October 2020, the Charter School filed a motion for summary judgment, seeking to preclude the School District from contesting the accuracy of its Amended Claim, seeking a judgment in its favor in the amount of the Amended Claim, and seeking pre-judgment interest, calculated as $5,815.67. *Id.* at 3a, 268a-77a. In November 2020, the Hearing Examiner granted the Charter School's motion to preclude the School District from presenting evidence to contest the factual elements of the claim, but she limited the ruling to the "presentation of evidence" which "does not foreclose the possibility that there is a *legal* (not factual) bar to this relief. The law cannot be waived." *Id.* at 3a, 266a (emphasis in original). The Hearing Examiner denied without prejudice the Charter School's motion for summary judgment and pre-judgment interest against the School District, preserving the issue for the record, and explaining that she had not been delegated the authority to rule on those issues. *Id.* at 3a, 266a-67a.

The Hearing Examiner held a hearing on December 3, 2020, at which only the Charter School participated, and where it offered documentary evidence and the testimony of Michael Whisman regarding the financial calculations to explain its Original Claim and the basis for its Amended Claim. The Charter School submitted a post-hearing brief which included an argument for pre-judgment interest. R.R. at 3a. In February 2021, the Hearing Examiner closed and returned the record to the Department. *Id.* at 4a. The Secretary of the Department issued an Opinion and Order dated June 21, 2023, mailed June 23, 2023, which included findings of fact and the following discussion:

5

> Throughout this administrative process [the School District] has never responded to [the Charter School's] claim and never disputed the amount that was owed. [The School District's] only correspondence in this matter was its September 5, 2019[] letter indicating its interest in participating in mediation. During the December 3, 2020[] hearing, [the Charter School] presented evidence in support of its position. [The School District] was not present at the December 3, 2020[] hearing, and did not dispute the amount owed.

*Id.* at 4a. After review and consideration of the certified record, the Department ordered the School District to immediately pay the Charter School the "amount of $23,436.65," the amount of the Charter School's Original Claim. *Id.* at 5a.

Relevant here, as to the Charter School's Amended Claim, the Department found as follows.

> 7. On or about February 11, 2020, [the Charter School] notified [the Department's] Docket Clerk that [the Charter School] wished to amend the amount of its claim to $27,693.68.[FN 2] Attached to this correspondence was an updated PDE-363 form showing the corrected per pupil rates.
>
> > [FN 2] Review of the record indicates that [the Charter School] did not submit to [the Department's] Bureau of Budget and Fiscal Management a claim for redirection of the adjusted amount.

R.R. at 2a. Also, relevant here, as to the Charter School's claim for pre-judgment interest, the Department found as follows.

> 17. On or about February 8, 2021, [the Charter School] filed [its] Post-Hearing Brief.[FN4]
>
> > [FN4] In [its] Post-Hearing Brief, [the Charter School] argues that it is entitled to pre-judgment interest. It is noted that [the Charter School] is not entitled to pre-judgment interest.

6

*Id.* at 3a. The Department included no other findings or reasons, other than the above, for its denial of the Charter School's Amended Claim or pre-judgment interest claim. The Charter School then petitioned this Court for review, arguing that the Department erred or abused its discretion when it denied the Charter School's Amended Claim and pre-judgment interest claim.[5]

In a charter school funding dispute under Section 1725-A of the CSL, the school district has the burden to challenge the estimated withheld amount. *School District of Philadelphia v. Department of Education*, 45 A.3d 457, 460 (Pa. Cmwlth. 2012). *See also Chester Community Charter School v. Department of Education*, 996 A.2d 68, 79 (Pa. Cmwlth. 2010) (*Chester I*). "[I]f the [school district] does not provide evidence, the [charter school's] documentation will prevail. Since the [charter school] will be paid absent evidence to the contrary, the [school district] has the burden of proving that the [charter school's] documentation is inaccurate." *School District of Philadelphia*, 45 A.3d at 460. The administrative hearing process pursuant to Section 1725-A(a)(6) of the CSL is intended to cover the accuracy of the Department's subsidy deduction for any reason, whether related to the accuracy of student enrollment information, or the accuracy of the proposed per-student tuition rate calculation. *Chester I*, 996 A.2d at 78.

Section 1725-A(a)(5) of the CSL was amended in 2016,[6] to require a charter school to submit its final documentation to the school district no later than October 1 of each year, and, if the school district does not pay, the Secretary of the

---

[5] Our review is limited to determining whether the Department committed an error of law, abused its discretion, or whether substantial evidence supports the necessary factual findings. *School District of Philadelphia v. Department of Education*, 45 A.3d 457, 459 n.2 (Pa. Cmwlth. 2012).

[6] The amendments to Section 1725-A(a)(5) of the CSL were added by the Act of July 13, 2016, P.L. 716, and were immediately effective.

7

Department must deduct and pay the amount documented by the charter school from the school district's state subsidies from appropriations for the fiscal year in which the final documentation was submitted. Our Court has confirmed that, in circumstances where the charter school fails to submit its final documentation to the school district by the October 1 deadline, and the Department fails to withhold for that reason, the charter school "retains its ability to seek resolution of the underpayment directly from the school district via the general administrative hearing process described in [*Chester Community Charter School v. Department of Education*, 44 A.3d 715, 722 (Pa. Cmwlth. 2012) (*Chester II*)], as recognized by the Department." *Antonia Pantoja Charter School v. Department of Education.* (Pa. Cmwlth., No. 289 M.D. 2017, filed August 5, 2019), slip op. at 23-24.[7]

The administrative process is governed by the Administrative Agency Law, 2 Pa. C.S. §§501-508, 701-704. Section 507 of the Administrative Agency Law requires that "[a]ll adjudications of a Commonwealth agency shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail." 2 Pa. C.S. §507. Our Court has explained that Section 507 of the Administrative Agency Law requires that an agency "explain its decision." *Hinkle v. City of Philadelphia*, 881 A.2d 22, 26 (Pa. Cmwlth. 2005). The Court further stated that "[w]hen an agency arrives at a decision where the losing party has presented overwhelming evidence that could require the agency to arrive at a different outcome, both due process and the Administrative Agency Law requires the agency to explain the reasons why it discounted that evidence." *Id.* at 26.

---

[7] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

8

The administrative process is also governed by the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code §§35.1-35.251. Relevant here, Section 35.48 of GRAPP governs amendments of pleadings generally, and provides as follows.

> (a) A modification of or supplement to an application, complaint, petition or other pleading shall be deemed as an amendment to the pleading, and shall comply with the requirements of this subchapter relating to the pleading amended insofar as appropriate. Upon its own motion or upon motion promptly filed by a participant, the agency may for good cause decline to permit, or may strike in whole or part, an amendment.
>
> (b) Except as otherwise provided in this subsection, no amendment to a pleading may be filed within 5 days next preceding the commencement of or during a hearing unless directed or permitted by the agency head or the presiding officer after opportunity for all parties to be heard thereon. An amendment in a licensing or certification proceeding which reduces the scope of the application may be filed at any time, if permitted by the agency head or the presiding officer.

1 Pa. Code §35.48. In turn, "pleading" is defined as an "application, complaint, petition, answer, protest, reply or other similar document filed in an adjudicatory proceeding." 1 Pa. Code §31.3.

Finally, it is well established that pre-judgment interest is awardable as of right in contract cases, and in non-contract cases, pre-judgment interest is available as an equitable remedy for an injured party at the discretion of the trial court or agency. *Kaiser v. Old Republic Insurance Company*, 741 A.2d 748, 755

9

(Pa. Super. 1999).[8]  In turn, Section 202 of the Act of January 30, 1974, P.L. 13, states:

> Reference in any law or document enacted or executed heretofore or hereafter to "legal rate of interest" and reference in any document to an obligation to pay a sum of money "with interest" without specification of the applicable rate shall be construed to refer to the rate of interest of six percent per annum.

41 P.S. §202.

As to the first issue regarding the Amended Claim, the Charter School argues that the Department erred or abused its discretion by failing to grant the Amended Claim, when the Charter School complied with the applicable regulation regarding amendments, and when the School District did not participate in the hearing or otherwise dispute the Amended Claim. The Charter School argues that it filed its amendment more than five days before the hearing as required by Section 35.48 of the GRAPP, and that the Department erred when it granted the amount of the Original Claim and ignored the Amended Claim, except to note that the Charter School did not submit a claim to redirect the amount of the Amended Claim to the Department's Bureau of Budget and Fiscal Management.[9]  *See* R.R. at 2a. The Charter School argues that it properly sought amendment during the administrative process by filing its request with the Department's Docket Clerk, with notice to the School District. *Id.* at 297a-99a. The Charter School further argues that in a

---

[8] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[9] The record reflects, and the parties do not dispute, that the Charter School did not seek payment of the amount of the Amended Claim from the School District by the October 1st deadline, nor did it seek redirection of the amount of the Amended Claim from the Department's Bureau of Budget and Fiscal Management. *See* R.R. at 297a-99a.

10

situation where a charter school did not submit its final documentation to a school district by the October 1st deadline, the process under Section 1725-A of the CSL requires that the matter proceed to an administrative hearing, which was already in progress here. The Charter School further argues that it provided uncontroverted evidence that it was due the amount of the Amended Claim, to which the School District did not object. The Charter School seeks reversal of the Department on this issue, or, alternatively, a remand with instructions to grant the Amended Claim. Petitioner's Brief at 18-19. The School District responds that the Department provided sufficient reasoning to deny the Charter School's Amended Claim by noting that the Charter School failed to use the proper procedures to submit its Amended Claim.

As to the second issue regarding pre-judgment interest, the Charter School argues that the Department erred in failing to consider the equities of awarding pre-judgment interest, when the Charter School suffered a financial detriment due to the inactions of the School District and substantial delays in the administrative hearing process by the Department. The Charter School argues that the Department abused its discretion when it failed to disclose its reasons for refusing to award pre-judgment interest, except to note that the Charter School was not entitled to it. *See* R.R. at 3a. The Charter School seeks reversal of the Department on this issue, or, alternatively, a remand. Petitioner's Brief at 16-17.[10]

The School District responds that pre-judgment interest may be awarded at the agency's discretion under *Kaiser*, 741 A.2d 748, and that the Department did not abuse its discretion by failing to do so. The School District further responds that the Department considered and rejected the Charter School's

---

[10] At oral argument before the Court on February 6, 2024, the Charter School argued that it did not favor a remand regarding either issue because it would only further delay the proceedings.

11

arguments made in its post-hearing brief, concluding the Charter School was not entitled to interest.

However, because the Department failed to make specific findings and conclusions as to why it granted the Charter School's Original Claim, why it rejected the Amended Claim, and why it failed to award pre-judgment interest, we cannot evaluate whether the Department erred or abused its discretion on these issues. Section 507 of the Administrative Agency Law requires that adjudications contain findings of fact that are "sufficiently specific to enable [a reviewing] court . . . to pass upon questions of law." *In re: Petition for Formation of Independent School District*, 962 A.2d 24, 28 (Pa. Cmwlth. 2008) (citation omitted). Therefore, we must vacate the Department's adjudication and remand this matter to the Department to issue a reasoned decision based on the record already created. We direct the Department to provide findings of fact and conclusions of law in support of its decision to grant or deny the Original Claim, the Amended Claim, and the award of pre-judgment interest.

On the Amended Claim, the Department found, and the record supports, that the Charter School did not submit its Amended Claim to the Department's Bureau of Budget and Fiscal Management as a claim for redirection, nor did it submit its claim directly to the School District for payment. However, this observation, without more, does not explain why the Department failed to grant the Amended Claim. Section 507 of the Administrative Agency Law and *Hinkle*, 881 A.2d at 26, require that the Department explain the reasons why it discounted the Charter School's overwhelming and unrebutted evidence in support of the Amended Claim, which the Department did not do. As to pre-judgment interest, the Department's explanation that the Charter School is not entitled to pre-judgment interest, without

12

more and without explaining why, also fails to satisfy Section 507 of the Administrative Agency Law. Our Court cannot conduct effective appellate review without adequate findings and reasons from the Department.

We further recognize that, despite receiving proper notice throughout the process, the School District failed to participate in the administrative hearing, except to send a letter indicating its willingness to participate in voluntary mediation. Although the School District has the burden to dispute the accuracy of the Charter School's claims, the School District offered no evidence or argument to the Department during the administrative hearing process. The Department already precluded the School District from presenting evidence to contest the factual elements of the Charter School's claim, based on the School District's failure to participate. *See* R.R. at 3a, 266a. Therefore, on remand, the School District continues to be precluded from offering evidence to dispute the accuracy of the Charter School's Original Claim, Amended Claim or its pre-judgment interest claim. *See School District of Philadelphia*, 45 A.3d at 460.

Accordingly, the Department's order is vacated, and the matter is remanded to the Department to issue a decision consistent with the foregoing memorandum opinion.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Leadership Charter : 
School, :
                                   :
             Petitioner :
                                   :
           v. : No. 765 C.D. 2023
                                   :
New Kensington-Arnold School : 
District (Department of Education), :
                                   :
             Respondent :

# **O R D E R**

AND NOW, this 15th day of March, 2024, the order of the Department of Education (Department) dated June 21, 2023, is VACATED, and this matter is REMANDED to the Department to issue a decision in accordance with the foregoing memorandum opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge